UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIZABETH J. EDWARDS,

        Plaintiff,

vs.                                        Case No. 3:97-cv-01147-J-32

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## ORDER ON PETITION FOR ATTORNEY'S FEES

This case is before the Court on plaintiff's Application for An Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 28.)

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 21, Final Order reversing and remanding case to Commissioner), received an award of Equal Access to Justice Act (EAJA) fees in the amount of $1,662.50 for his 13.30 hours of work in federal court on this case. (See Doc. 26, Order Granting Motion for Attorney's Fees on Application for Attorney's Fees Pursuant to EAJA.) Upon remand, the Commissioner issued a decision favorable to plaintiff and found she was entitled to $56,665.50 in past due social security disability benefits. Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside in escrow 25% of plaintiff's past due award ($14,166.38) for possible payment of attorney's fees. The Commissioner has already paid counsel $4,000.00 for his work at the administrative level and has given plaintiff, with counsel's consent, $1,662.50 for EAJA fees. Thus, the total amount counsel could be eligible to receive is $8,503.88, which sum represents the full 25% award of $14,166.38, less the award of $4,000.00 for

his administrative work and the award of $1,662.50 for EAJA fees.  This amount does not exceed the sum currently held in escrow for the possible payment of attorney's fees.

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the continency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases.  Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved.  Id.  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  Id.

In this case, plaintiff's counsel has submitted a copy of the fee agreement entered into by plaintiff and her counsel back in 1995.  (See Doc. 28-2.)  This signed agreement provides, among other things, that if the claim is awarded following an

appeal, the plaintiff agrees to pay a fee of 25% of her past due benefits.  The Court finds the parties' contingency-fee agreement is presumptively reasonable.

The Court next considers whether the character and quality of plaintiff's counsel's representation of her in this case creates any basis for a reduction.  Plaintiff's counsel's practice is mainly devoted to representing individuals before the Social Security Administration and on related federal court appeals.  In this case, plaintiff's counsel has stayed with this case since July of 1995 when the fee agreement was signed, seeing it through many years of consideration and review before finally achieving a successful result for his client.  The Court also finds that counsel promptly prosecuted this case, creating no undue delay.  While the total amount of time counsel spent on this case in federal court (13.30 hours) is not particularly high compared to the amount of fees he seeks to recover for his federal work ($10,166.38, of which $1,662.50 has already been paid), based on the contingency contract to which plaintiff agreed, the results obtained, and with no objection filed by the Commissioner, the Court finds the fee to be reasonable under the circumstances of this case.

Plaintiff's counsel has already recovered an award of $1,662.50 in EAJA fees in this case.  To prevent "double-dipping," plaintiff's counsel could refund the EAJA fees to plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from plaintiff's counsel's recovery of any escrowed sum.  The Court finds it preferable to deduct the amount of EAJA fees from plaintiff's counsel's recovery of any escrowed sum.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Application for An Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 28) is **GRANTED**. The Court finds that a reasonable *additional* attorney's fee for plaintiff's counsel, N. Albert Bacharach, Jr., for representation of plaintiff in this case is **$8,503.88**, which sum is in addition to the award of $4,000.00 for his work at the administrative level and the award of $1,662.50 for EAJA fees. **The Commissioner shall now pay N. Albert Bacharach, Jr., the sum of $8,503.88 from the past-due benefits being held in escrow in this case.** The Commissioner shall refund the remainder of the escrowed past-due benefits to plaintiff. The Clerk shall enter Judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of February, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

e.
Copies:

N. Albert Bacharach, Jr., Esq.
Susan Roark Waldron, Esq. (AUSA-Tampa)